**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sergio Casillas, | No. CV-21-01588-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Thunderbird Collections Specialists Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment ("Motion"). (Doc. 90.) Defendant Andrew M. Ellis Law PLLC ("AEL") filed a Response (Doc. 98), and Plaintiff filed a Reply (Doc. 101). The Court exercises its discretion to resolve this Motion without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After considering the pleadings and relevant law, the Court will grant Plaintiff's Motion for the following reasons.

## I.     FACTUAL BACKGROUND

Plaintiff originally filed this case against five defendants. AEL is the only defendant remaining, and the only claims remaining are for alleged violations of Fair Debt Collection Practices Act ("FDCPA"). Plaintiff sustained an injury at work that required medical treatment. A worker's compensation claim was filed for his injury. Thunderbird Collections Specialists, Inc. ("TCS") began collections on Plaintiff's unpaid medical bills. TCS engaged AEL, a law firm in the business of collecting consumer debts, to initiate litigation to collect the outstanding balance. AEL filed a lawsuit against Plaintiff in March

2021 and sought to collect Plaintiff's unpaid bills. That lawsuit was dismissed for lack of service on September 7, 2021. AEL has admitted it did not know that debts covered by worker's compensation claims are not legally collectible. Plaintiff seeks summary judgment as to AEL's liability for the FDCPA violation it committed by pursuing payment for Plaintiff's medical debt.

## II.    LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

The non-movant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). However, in the summary judgment context, the Court believes the non-movant's evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the non-moving party, *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

### III.    DISCUSSION

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."    15 U.S.C. § 1692e.    These prohibitions include filing lawsuits to collect non-collectible debts.    *See Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1136 (9th Cir. 2021).    "The FDCPA makes debt collectors strictly liable for misleading and unfair debt collection practices."    *Id.* at 1135 (citing *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175–76 (9th Cir. 2006)).    Thus, the debt collector's knowledge or intent is irrelevant when discussing liability.    *Clark* at 1175.

Neither party disputes that AEL is a debt collector or that under Arizona law, injured workers who receive a worker's compensation award are not legally responsible for medical bills covered under the award.    *See* A.R.S. § 23-1062.01(D).    Thus, AEL's representation to Plaintiff that he was responsible for his medical bills was false, deceptive, and misleading, and AEL's filing a lawsuit to collect such debt violated FDCPA.

AEL offers two reasons in its attempt to avoid liability: (1) Plaintiff has not established AEL's notice of actual knowledge that Plaintiff was not legally obligated to pay the debt; and (2) TCS paid Plaintiff the maximum statutory damages so AEL's liability is irrelevant.    AEL relies on 15 U.S.C. § 1692g to first argue that Plaintiff needed to provide notice that the debt was in dispute and that failure to do so precludes liability.    The Court disagrees.    In contrast to AEL's providing no supporting authority, the statute states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt.

15 U.S.C. § 1692g(b).    Nothing in this statute requires pre-lawsuit notice.    As Plaintiff points out, Courts in the Second, Third, and Fourth Circuits have held that notice is not a prerequisite to filing a lawsuit.    *See, e.g.*, *Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 438–39 (2nd Cir. 2018) (holding that such a notice requirement is undermined by language in the FDCPA stating that a failure to dispute the debt may not be construed as an admission of liability by the consumer); *Russell v. Absolute Galleria Servs., Inc.*, 763

F.3d 385, 392–93 (4th Cir. 2014) ("Nothing in the text of the FDCPA suggests that a debtor's ability to state a claim under § 1692e is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g."); *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 248 (3rd Cir. 2014) ("For these reasons, a consumer is not required to seek validation of a debt he or she believes is inaccurately described in a debt communication as a prerequisite to filing suit under § 1692e.").  Finding these authorities persuasive, the Court finds that Plaintiff had the option—not an obligation—to dispute the debt before filing this lawsuit.

AEL's second argument is that Plaintiff's acceptance of TCS' offer of judgment for the maximum statutory damages precludes Plaintiff from seeking damages from AEL because this case arose out of a single FDCPA violation.  Notably, AEL again provides no citations to case law to support this reading of the statute.  While the actions of TCS and AEL related to the same debt, TCS's liability went beyond violations of the FDCPA.  TCS' conduct is therefore distinct from AEL's conduct.  Even assuming their actions were not independent of each other, "(t)he FDCPA provides for statutory damages in the amount of $1,000 per defendant-debt collector." *Thao v. L. Offs. of Christopher Glenn Beckom*, No. 1:17-cv-01298-LJO-EPG, 2018 WL 2002441, at *3 (E.D. Cal. Apr. 30, 2018) (citing 15 U.S.C. § 1692k(a)(2)(A); *Ganske v. Checkrite, Ltd.*, No. 96-C-0541-S, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997).  The Court finds these authorities persuasive because § 1692k(a) describes the damages attributable to "any debt collector who fails to comply with any provision of this subchapter" and not all debt collectors.  And as Plaintiff points out, AEL ignores the multiple types of damages that can be awarded on top of the "additional damages" that are capped at $1,000.  Plaintiff seeks actual damages in addition to the capped, statutory damages.  *See* 15 U.S.C. § 1692k(a)(1).

…

…

…

…

## IV.     CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Partial Summary Judgment. (Doc. 90.)  Trial is affirmed to determine damages.

Dated this 1st day of May, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge